Elwell *v.* Elwell.

The plaintiff is entitled to judgment for one cent damages, and one-fourth of a cent costs.

*Defendants defaulted.*

---

SARAH C. ELWELL *versus* JONATHAN ELWELL.

The R. S. c. 89, relating to divorces, is not repealed by the Act of 1849, c. 116.

Conduct by one of the parties constituting a cause of divorce, under the R. S. c. 89, entitles the other party to a divorce as a matter of *right.* But under the Act of 1849, applications for divorce are addressed only to the *discretion* of the court.

Under the Act of 1849, a divorce *a vinculo* will not be granted for such cause only as, under the R. S. c. 89, gave a right to a divorce *a mensa et thoro.*

THIS is a libel for divorce from the bonds of matrimony. If in the opinion of the court the libelant is entitled to such a divorce, supposing all the facts alleged are proved, then the case is to stand for trial. If not, the libel is to be dismissed.

*W. Davis,* for the libelant.

1. The statute of 1849, relating to divorces, repeals all that portion of the Revised Statutes, relative to causes for divorce. For a new statute, covering the whole ground of a former statute, repeals it, *without any express words* to that effect. *Bartlett* v. *King,* 12 Mass. 545; *Nichols* v. *Squire,* 5 Pick. 168; *Towle* v. *Marrett,* 3 Greenl. 22.

2. The statute of 1849, is *retrospective* in its intended application. There is no *limitation* or restriction in its terms. *Jones* v. *Jones,* 18 Maine, 308. The *object in view* in its enactment, requires this construction. *Winslow* v. *Kimball,* 25 Maine, 493. And prior legislation upon the same subject-matter, leads to the same conclusion. 3 Mass. 21; Statutes on this subject of 1821, 1829, 1830, 1835, 1838, 1847 and 1849.

But if the statute of 1849 is *prospective* only, the libel is

still good, for it alleges facts, as *existing grounds of complaint*, at the time it was made.

TENNEY, J., orally. — This is a petition for a divorce under the statute of 1849, c. 116. The libel contains allegations of various kinds of ill-treatment on the part of the husband towards the wife ; such as compelling her to labor out of doors, bring in wood, and water ; take care of his cattle in the winter, during his absence ; and do other things unsuitable to female habits and capacities. It is also stated, that he was ill-tempered, and abusive to her and her children, and neglected, though abundantly able, to make suitable provision for their support. The result was, that the parties separated ; and the feelings, temper and spirit of the husband are alleged to remain so unchanged, that the parties can never live together again. All the grievances set forth had existed for a long time prior to the statute of 1849.

On the part of the libelee it is said, that the statute of 1849 cannot apply to this case, because it was not designed to be retrospective in its effect. We have come to a different conclusion, in our construction of that statute ; and have granted divorces under it, without any reference to the *date* of the causes alleged.

But it is further contended that, as there is no repealing clause in it, the provisions of the Revised Statutes, c. 89, are still in force ; and that all cases that come within those provisions, must be determined by them.

We have already decided, (*Motley* v. *Motley*, 31 Maine, 490,) that the statute of 1849 does not repeal any part of the 89th chapter of the Revised Statutes. Under the statute of 1849 no one can claim a divorce, except as a *matter of discretion.* But under the former statutes, any one coming within their provisions may claim a divorce as a *matter of right.* Both statutes are therefore still in force. It is provided in chapter 89, § 6, that " a divorce *from bed and board* may be granted, for the cause of extreme cruelty ; or whenever the husband shall grossly, or wantonly, and cruelly neglect or refuse to

provide suitable maintenance for ·his wife, he being of sufficient ability." Such a divorce is not prayed for here, and therefore cannot be granted.

*Libel dismissed.*